## Adams v. John R. Adams Adm. et al.

June 7, 1949.

Bethurum & Neikirk for appellant.

H. C. Kennedy and Lawrence Hail for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

James L. Adams, bachelor, died intestate in October 1944. Those entitled to share in his estate were a brother, a sister and five grand nieces and nephews, some of the latter being infants, and all non-residents. Appellant is a son of the brother John who qualified as administrator.

In May 1946 appellant filed suit against the administrator alleging that prior to his death his uncle had contracted with him to build a house and barn, the uncle to furnish the lumber, and to dig a well, the reasonable value of his work being $3000. He also pleads that for eleven and one-half years the uncle had boarded with him and had contracted to pay therefor, and that the board was reasonably worth $12 to $15 per month. It is notice-

able that in his prayer plaintiff sought to recover only $3000. He asserts that he presented a verified claim "setting forth the indebtedness referred to," and the administrator "failed to pay some or any part." It may also be noted that while plaintiff alleged that his father had been appointed administrator, it is not alleged that when his claim was presented or when suit was filed the administrator was acting.

Summons was served on the administrator, but no defense was made, so on September 18, 1946, judgment by default was taken for the $3000. Execution issued and returned "no property found." Two months later, appellant filed his petition in equity, making defendants the nieces and nephews, his father as administrator, but not individually. Later by amendments he included the father individually, as well as purchaser of land sold in the interim, the master commissioner and circuit court clerk. In this he set up his default judgment, then alleged that deceased at the time of his death owned two tracts of land containing 53 acres in Pulaski County. That on May 20, 1946, the heirs had filed suit asking for sale and distribution of proceeds, and under decree the land was sold to Paul Elliott for $5500. Elliott and the court officers mentioned were made garnishees, and were sought to be restrained from paying proceeds to the heirs until his judgment be satisfied. Answers were filed by the purchaser and officers, and by the administrator, the latter alleging that he had made settlement and had been discharged. The purchaser and officers only answered that they would follow court orders.

At this point the defendants moved to require plaintiff to elect whether he would continue his suit against the administrator or the heirs and other defendants. The motion was sustained, and plaintiff elected to prosecute against the heirs. Then came the joint and separate answer and counterclaim of the heirs. They admit the suit for the sale of the land and the sale, and other matters about which no issues could be raised, but generally denied all other allegations of the petition.

In the first paragraph it was affirmatively plead that on March 1, 1945, John H. Adams made his settlement, and no exceptions being filed it was approved by the court in April 1945, one year before plaintiff filed

his original action. This settlement is copied in full in the answer, and shows that the assets amounted to $1066.73 which went in part to pay funeral expenses, &c, a balance of $725 being distributed to heirs. Defendants then incorporated the original petition filed by plaintiff, and the default judgment. As to these matters the defendants allege that through fraud and collusion between father and son, the latter delayed filing his suit for approximately one year after settlement and confirmation, at a time when plaintiff knew of the settlement by and discharge of the administrator. Further that answering defendants (including the sister of deceased) had never been notified of the claim of plaintiff, or the institution of his action, and were not before the court actually or constructively, and that the administrator failed and refused to make defense, and allowed judgment by default, though they and he had and have valid defense. They plead that the judgment is as to all of them void.

They then plead that the alleged building of the house and digging of the well were done more than five years prior to the claim, or institution of the suit, and that as to alleged board the greater part was furnished prior to May 1941, hence such claims were barred by the statute of limitations, KRS 413.120. They counterclaim for $746, being two-thirds of rental of the land after the death of James L. Adams. This answer was denied by reply and plaintiff moved to strike the answer because it constituted a collateral attack on the default judgment.

The above motion was overruled, and this action of the court is urged by counsel for appellant as ground for reversal. The answer of appellees was not a collateral attack, but was a direct attack upon a default judgment rendered long after the settlement by the administrator, who made no defense, but in joint answer pleads what would have been a valid defense to appellant's original action, of which the infants and non-residents had no notice; likewise they plead they had no notice of the filing of the settlement by the administrator, KRS 25.195. The defendants also plead fraud and collusion in the obtaining of the original judgment, so there is no doubt but the answer of defendants was a direct attack upon the judgment, and no doubt that as to

the infant and non-resident defendants the original judgment was void, and, of course, had no efficacy since the suit was against one who had theretofore been discharged as personal representative. The proceedings taken by defendants conformed to the provisions of secs. 17 and 518 of the Civil Code of Practice. The original petition was demurrable, and a simple answer would have obviated judgment.

Proof was taken orally and the cause submitted on proof and pleadings and the chancellor dismissed plaintiff's petition, without stating upon what grounds his action rested, though it may well have been predicated upon those mentioned above, and certainly in part under proof brought forward by plaintiff. While not necessary to discuss the proof, we have read it and are of the opinion that it failed to show any express contract upon which suit was based, on the part of deceased. It also showed clearly that the claim for the labor and a portion of the alleged claim for board were barred by the statute of limitations. A reading of the proof will not permit us to say that there was actual fraud or collusion on the part of plaintiff and administrator, but the testimony of the administrator is not such as to impress the court that his actions were in the best of fiducial faith toward all parties concerned.

We are of the opinion that the court was correct in dismissing plaintiff's petition. The court correctly sustained the motion to elect.

Judgment affirmed.